Carey Caldwell, OSB #093032
Deputy City Attorney
carey.caldwell@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Joshua Dyk and City of Portland*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| ESTATE OF AARON D. STANTON, BY DOUGLAS STANTON, PERSONAL REPRESENTATIVE, AND A. S., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, DOUGLAS STANTON, | 3:23-cv-01767-AN<br><br>**DEFENDANTS' MOTION TO STRIKE** |
| PLAINTIFFS, | |
| v. | |
| JOSHUA DYK and CITY OF PORTLAND, | |
| DEFENDANTS. | |

### LR 7-1 CERTIFICATION

The undersigned certifies that counsel for Defendants Joshua Dyk ("Dyk") and City of Portland ("City") (collectively "Defendants") conferred with Plaintiffs' counsel in a good faith effort to resolve the subject matter of this Motion but was unable to do so. The Court's ruling is therefore necessary on these matters.

### MOTION

1. Pursuant to Fed. R. Civ. P. 12(f), Defendants move to strike paragraphs 37(a) through (n) of Plaintiffs' Complaint.

/ / /

Page  1 – DEFENDANTS' MOTION TO STRIKE

This Motion is supported by the legal memorandum set forth below and the pleadings on file herein.

### INTRODUCTION

The Complaint contains numerous paragraphs with allegations that have no relevance to the claims brought. Further, the breadth of those allegations create an unreasonable discovery burden and thereby significant prejudice against Defendants. The Court should grant Defendants' Motion and strike the paragraphs in question.

### POINTS AND AUTHORITIES

**A.    Background**

Plaintiff brings multiple claims based on a July 22, 2022, officer involved shooting. Plaintiff alleges that on that day, Aaron Stanton discharged "a semi-automatic pistol." (ECF 1, ¶1). Defendant Dyk then shot Mr. Stanton. (Id.)

In apparent support of an excessive force *Monell* claim, paragraph 37 of Plaintiffs' Complaint makes numerous allegations about distinguishable uses of force against other people going back more than 20 years. The allegations contained in that paragraph, and its subparagraphs, are immaterial and irrelevant as they have no bearing on the issues involved in Plaintiffs' action as set forth in Plaintiffs' Complaint.  As such, Defendants are unduly prejudiced by having to waste time and resources to answer and litigate the allegations. Therefore, the Court should strike those paragraphs.  *Fantasy, Inc. V. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds, Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534-35 (1994).

**B.    Legal Argument**

    **1.    Fed. R. Civ. P. 12(f) Motion to Strike.**

F.R.C.P. 8(d)(1) requires a complaint contain "simple, concise, and direct allegations" in support a claim. F.R.C.P. 12(f) authorizes the court on its own initiative, or pursuant to a motion from either party, strike from a pleading "any redundant, immaterial, impertinent, or scandalous

Page  2 – DEFENDANTS' MOTION TO STRIKE

matter." The purpose of the rule is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Rule 12(f) is also designed to "reinforce the requirement in Rule 8(d) that pleadings be simple, concise, and direct." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d. Ed.).

"A matter is redundant if it is superfluous and can be omitted without a loss of meaning." *Estate of Osborn-Vincent v. Ameriprise Fin., Inc.*, 3:16-CV-02305-YY, 2019 WL 764029, at *2 (D. Or. Jan. 3, 2019) (citing *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005)).

An allegation is "immaterial" if it does not relate to the plaintiff's underlying claim for relief. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (*rev'd on other grounds*, 510 U.S. 517 (1994)) ("Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead.").

An allegation is "impertinent" if it does not pertain to any harm alleged. *Fogerty*, 984 F.2d at 1527 ("Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question."). Such allegations are also impertinent if they consist of statements that do not pertain, and are not necessary, to the issues in question. *Id*. Impertinent (or immaterial) pleadings "are legally insufficient because they clearly lack merit 'under any set of facts [a party] might allege.'" *Unigestion Holding, S.A. v. UPM Tech., Inc.*, 305 F. Supp. 3d 1134, 1140 (D. Or. 2018) (quoting *Polk v. Legal Recovery Law Offices*, 291 F.R.D. 485, 489 (S.D. Cal. 2013)).

Redundant, immaterial, and impertinent allegations are properly struck because they "have no possible relation or logical connection to the subject matter of the controversy" and may cause prejudice to one or more parties. *Federal Practice and Procedure* § 1380; *City of Portland v. Iheanacho*, No. 3:17-CV-0401-AC, 2018 WL 1426564, at *3 (D. Or. Mar. 22, 2018). Offers of evidence in a complaint should also be stricken as they are improper and inconsistent with Rule 8's requirement of "a short and simple statement of plaintiff's claim."

*Nat'l Sav. & Loan Ass'n v. St. Paul Fire & Marine Ins. Co.*, 84 F.R.D. 425, 428 (E.D. Wis. 1979); *Cool v. Int'l Shoe Co.*, 142 F.2d 318, 320 (8th Cir. 1944); *United States v. Del Llano*, 354 F.2d 844, 847 (2d Cir. 1965) (trial court may *sua sponte* exclude evidence).

   a. ***Monell* Allegations.**

"To establish *Monell* liability, a plaintiff must allege that: (1) they were deprived of a constitutional right; (2) the municipality had a policy, custom, or practice; (3) the policy, custom, or practice amounted to deliberate indifference of the plaintiff's constitutional rights; and (4) the policy, custom, or practice was the 'moving force' behind the constitutional violation." *Cantu v. City of Portland*, No. 3:19-cv-01606-SB, 2020 WL 2952972, at *3 (D. Or. June 3, 2020) (citing *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011)); *see also Gravelet-Blondin v. Sheldon*, 728 F.3d 1086, 1096 (9th Cir. 2013) (a plaintiff seeking to establish municipal liability must demonstrate that the government "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation [the plaintiff] suffered.").

A custom or practice supporting municipal liability must be so widespread that it constitutes a "permanent and well settled city policy" and "the standard operating procedure." *Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996). Similarly, a plaintiff must show a city's police bureau acted with "deliberate indifference" to the substantial risk that its policies were insufficient to prevent violations of constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Flores v. County of Los Angeles*, 758 F.3d 1154, 1158 (9th Cir. 2014). That is, a plaintiff must show that a city acted "through its *deliberate* conduct." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 4040 (1997) (Emphasis original). Only such deliberate, purposeful, or conscious choices or conduct by a municipality satisfies the culpability standard under Section 1983. *City of Canton, supra*, 489 at 389. In keeping, a plaintiff must show that a city's deliberate indifference was the "moving force" behind any injury alleged. That is, a plaintiff "must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id*. To establish such a link, a plaintiff must show "both causation-

Page  4 – DEFENDANTS' MOTION TO STRIKE

in-fact and proximate causation." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013); *Trevino v. Gates, supra* 99 F.3d at 918.

In short, Plaintiffs' allegations of municipal liability must depend on factually similar incidents involving, or at least implicating, the challenged custom. On the other hand, factually dissimilar or generalized incidents involving the Portland Police Bureau have no bearing on Plaintiffs' *Monell* allegations, regardless of their controversy.

### b. Strike Paragraph 37(a)-(n).

The 14 subparagraphs of paragraph 37 of Plaintiffs' Complaint describe a multitude of factually distinct police interactions that Plaintiffs attempt to paint as representative of some "policy, custom or practice of deliberate indifference to Portland police officers' violations of the Fourth Amendment by use of excessive deadly force." They do not.

Moreover, many of allegations describe acts of people or entities other than Defendants here. Further, many allegations present conclusory statements that are factually inaccurate. In addition, many of the allegations allege failures that have no bearing on Plaintiffs' claims. As a result, none of the allegations can represent the moving force or cause in fact of the shooting at issue here. For these reasons alone, these allegations are "immaterial" and "impertinent," and the Court should strike them from the Complaint. Fed. R. Civ. P. 12(f); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

For example, the very first allegation in Plaintiffs' list of dissimilar incidents, ¶37(a), describes an officer involved shooting where a federal jury found no excessive force on the part of the shooting officer.[1] In keeping with Plaintiffs' omission of that fact – a jury finding of no excessive force – Plaintiffs fail to assert any allegation that shows findings of excessive force by any tribunal. Instead, in many of the allegations at issue, Plaintiffs reference the PPA (Portland Police Association) and arbitrations where the City was forced to act, despite any previous review, oversight, or disciplinary decisions. *See*, *e.g.*, ¶¶37(d), (e), and (f). Plaintiffs' descriptions in those

---

[1] This Court may take judicial notice of pleadings and orders in its own jurisdiction pursuant to FRE 201(b); *Dauven v. U.S. Bancorp*, 390 F. Supp. 3d 1262, 1269 (D. Or. 2019).

Page 5 – DEFENDANTS' MOTION TO STRIKE

allegations show the PPA as adversarial to the City, again leading to the reversal of City disciplinary and oversight decisions. That is consistent with the fact that the PPA is not the City's agent but the City's adversary in those disputes. The City does not control PPA's advocacy positions. Moreover, the City was required to follow the factual findings and legal rulings resulting from those arbitrated employment disputes. *See Portland Police Association v. City of Portland*, 275 Or. App. 700, 708 (2015). The PPA's advocacy positions–historical or otherwise–have no bearing on any potential liability, and in fact controverts Plaintiffs' ultimate position as to the City's responsibility for acts it was forced to take through that advocacy.

Further, here, Plaintiffs allege Mr. Stanton was armed with a semi-automatic pistol and discharged the gun prior to Officer Dyk shooting him. (ECF 1, ¶1). That is factually distinguishable from every example provided in paragraph 37, wherein Plaintiffs appear to emphasize the unarmed nature of most of the people. *See* ¶¶37(a), (b), (e), (j), (k) (although Mr. Hayes had a fake weapon). By way of additional example of the immateriality of the paragraphs in question, like reference to the PPA, there are other people and entities mentioned that have no bearing to this suit. *See* ¶¶37(b) (acts of City of Beaverton); 37(d) (officer elected Sherriff of Wheeler County).

Moreover, similar to Plaintiffs' PPA allegations that contradict his claims the City acted as claimed, Plaintiffs' citation to a DOJ lawsuit undermines his allegation of some ongoing policy or ratification. (¶¶35, 36). Not only do Plaintiffs allege that PPB altered policy and procedure, but Plaintiffs also note that in 2023, there was a finding of substantial compliance with the officer accountability under the agreement. (*Id.*).

Ultimately, Plaintiffs' pleadings will inform the scope of evidence at issue in the suit. As it stands, the paragraphs moved against in Plaintiffs' Complaint will require litigating each of those allegations to disprove Plaintiffs' conclusory characterizations. That implicates unduly burdensome disclosures specifically, and prejudice in general as to the scope of effort Defendants would be forced to engage in in responding to allegations that have no bearing on the issues in the current

suit. The allegations are simply unrelated to a Plaintiffs' claims, are "unworthy of any consideration, and [] their presence will be prejudicial" to the City. *City of Portland v. Iheanacho*, No. 3:17-CV-0401-AC, 2018 WL 1426564, at *3 (D. Or. March 22, 2018).

## CONCLUSION

Based on the foregoing, Defendants respectfully requests the Court strike paragraphs 37(a) through (n) of Plaintiffs' Complaint.

DATED: February 2, 2024.

Respectfully submitted,

*/s/ Carey Caldwell*
Carey Caldwell, OSB #093032
Deputy City Attorney
carey.caldwell@portlandoregon.gov
*Of Attorneys for Joshua Dyk and City of Portland*