Carey Caldwell, OSB #093032
Deputy City Attorney
carey.caldwell@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| ESTATE OF AARON D. STANTON, BY DOUGLAS STANTON, PERSONAL REPRESENTATIVE, AND A. S., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, DOUGLAS STANTON, | 3:23-cv-01767-AN<br><br>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE |
| PLAINTIFFS, | |
| v. | |
| JOSHUA DYK and CITY OF PORTLAND, | |
| DEFENDANTS. | |

## <u>REPLY</u>

Defendants Joshua Dyk ("Dyk") and City of Portland ("City") (collectively "Defendants") make this Reply in Support of their Motion to Strike.

Plaintiffs' Response fails to address the contradictions in their allegations illustrated by Defendants in their Motion. So too does the Response fail to address how the allegations do not create an unreasonable litigation burden. Instead, Plaintiffs continue to conclusory assert that all subparagraphs of paragraph 37 of their Complaint are relevant and material to their *Monell* claims. In that, Plaintiffs are wrong.

Page 1 – DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE

## I. Argument

The only claim at issue in Defendants' Motion is Plaintiffs' *Monell* claim. (ECF 1, ¶43). Plaintiffs' claim in that regard rests almost exclusively with the 14 subparagraphs of paragraph 37. (*Id.* at ¶37).

To bring a custom or practice *Monell* claim, the custom or practice must be so widespread that it constitutes a "permanent and well settled city policy" and "the standard operating procedure." *Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996). Similarly, a plaintiff must show a city's police bureau acted with "deliberate indifference" to the substantial risk that its policies were insufficient to prevent violations of constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Flores v. County of Los Angeles*, 758 F.3d 1154, 1158 (9th Cir. 2014). That is, a plaintiff must show that a city acted "through its *deliberate* conduct." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 4040 (1997) (Emphasis in original).

A *Monell* claim for ratification allows for municipal liability with a single constitutional violation when a "final policymaker 'ratified' a subordinate's actions." *Christie v. Iopa*, 176 F.3d 1231, 1238 (9th Cir. 1999), citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). To succeed on a claim for ratification, a plaintiff must prove that a "policymaker approve[d] a subordinate's decision *and the basis for it*." *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992) (emphasis in original). Approval of the basis of the decision transforms a decision by a subordinate into official policy if that decision is "expressly approved by the supervising policymaker" and is "cast in the form of a policy statement." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 130 (1988). "[I]t is well-settled that a policymaker's mere refusal to overrule a subordinate's completed act does not constitute approval." *Christie*, 176 F.3d at 1239. Otherwise, every failure to "overrule the unconstitutional discretionary acts of subordinates

Page  2 – DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE

would simply smuggle *respondeat superior* liability in section 1983." *Id.*, quoting *Weisbuch v. Cnty. of Los Angeles*, 119 F.3d 778, 781 (9th Cir. 1997). Likewise, "[s]imply going along with discretionary decisions made by one's subordinates" or "fail[ing] to investigate the basis for a subordinate's discretionary decisions does not amount to a delegation of policymaking authority." *Praprotnik*, 485 U.S. at 130.

Plaintiffs' Complaint conflates pattern and practice and ratification claims into a singular claim. Their argument in response at times attempts to parse, then other times again combine the claims. Regardless, Plaintiffs' arguments are unavailing and the law they rely on is distinguishable and does not assist them here.

For instance, Plaintiff's cite to *Hunter v. City of Sacramento*, for the premise that the Ninth Circuit has "long recognized that a custom or practice can be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded." 652 F.3d 1225, 1233 (9th Cir. 2011) (ECF 16, p.5). While true, Plaintiffs fail to identify, or allege, any finding of constitutional violation where the City did not act. Plaintiffs' allegations instead implicate a federal jury finding no excessive force[1] and, the contrary, City findings of officers' policy violations and subsequent imposition of discipline. Plaintiffs not only fail to address those allegations, but fail to illustrate any allegation where any tribunal found the City or its officers committed a constitutional violation or acted negligently.

Instead of addressing Defendants' specific arguments in this regard, Plaintiffs assert the City should have a better collective bargaining agreement. (ECF 16, p.6). Any issue regarding collective

---

[1] United States District Court District of Oregon Case No. 6:03-cv-01371-AA (Defendants apologize for failure to directly cite the case number related to paragraph 37(a) of Plaintiffs' Complaint.)

bargaining not only has no place in this litigation, it illustrates the unreasonable breadth of discovery, and depth of prejudice to the City, Plaintiffs' current allegations represent. In keeping, Plaintiffs do not address the general prejudice that would result in requiring the City to litigate each officer promotion, act of other municipality and electorate, and each, dissimilar, distinguishable, use of force. In short, Plaintiffs would have the Court unilaterally impute constitutional violations to the City based on historical events that have already been investigated and adjudicated or require the City to relitigate those historical events – in other words, conduct discovery and litigate 14 lawsuits in addition to this lawsuit. That is not only an unreasonable burden for the City, but also for this Court and any jury that may ultimately decide the case.

Plaintiffs reliance on *Velazquez v. City of Long Beach*, is also misplaced. 793 F.3d 1010 (9th Cir. 2015). That case predominately involved the plaintiff's challenge of a Rule 50 dismissal. *Id.* To the extent it involved the plaintiff's *Monell* claim, that related to the district court judge's exclusion of prior complaints and discipline for excessive force by the same office accused of violating the plaintiff's constitutional rights. *Id.* at 1028. The Ninth Circuit found the trial court's exclusion was error because "a jury might have been able reasonably to infer from prior complaints that the Long Beach Police Department was aware that [the defendant officer] had previously used excessive force when making arrests, but had taken no steps to curb his propensity." *Id.* at 1028. That is not the case here.

Here, there is no allegation that the City was on notice of any acts of Officer Dyk. In fact, the only argument Plaintiffs make in that regard is that the City, after the alleged constitutional violation, did not do anything to Dyk. The lack of action after the alleged act that harmed Plaintiffs cannot be the basis for a constitutional violation, nor for *Monell* liability. *Christie*, 176 F.3d at 1239 ("it is well-settled that a policymaker's mere refusal to overrule a subordinate's

Page  4 – DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE

completed act does not constitute approval."); *see also*, *e.g.*, *City of Los Angeles v. Heller*, 475

U.S. 796, 799 (1986) (Absent act causing injury/constitutional violation, no excessive force

*Monell* claim).

## **CONCLUSION**

Based on the foregoing, Defendants respectfully requests the Court strike paragraphs

37(a) through (n) of Plaintiffs' Complaint.

DATED: March 12, 2024.

Respectfully submitted,

*/s/ Carey Caldwell*
Carey Caldwell, OSB #093032
Deputy City Attorney
carey.caldwell@portlandoregon.gov
*Of Attorneys for Defendants*