**J. Ashlee Albies**, OSB #051846
**Maya Rinta,** OSB #195058
Albies & Stark LLC
1500 SW First Ave., Suite 1000
Portland, Oregon 97201
Telephone: (503) 308-4770
Email: ashlee@albiesstark.com

      Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ESTATE OF AARON D. STANTON, by DOUGLAS STANTON, Personal Representative, and A. S., a minor, by and through her Guardian ad Litem, DOUGLAS STANTON,<br><br>        Plaintiffs,<br><br>  v.<br><br>JOSHUA DYK and CITY OF PORTLAND, a municipal corporation,<br><br><br>        Defendants. | Case No. 3:23-cv-01767-AN<br><br><br>**PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER REGARDING THE DEPOSITION OF MINOR A.S.**<br><br><br>**ORAL ARGUMENT REQUESTED** |

## LR 7-1 CERTIFICATION

The undersigned certifies that counsel for Plaintiffs conferred with counsel for Defendant

City of Portland in a good faith effort to resolve this dispute but were unable to do so.

## MOTION

Pursuant to Fed. R. Civ. P. 26(c)(1), Plaintiffs respectfully move this Court for an order

limiting Defendant City of Portland's ability to take the deposition of Minor Plaintiff A.S. This

Page 1 – **PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER REGARDING THE DEPOSITION OF MINOR A.S.**

motion is supported by the legal memorandum set forth below, the declaration of J. Ashlee

Albies and attached exhibits, and the record herein.

## MEMORANDUM

### I.    Introduction

Plaintiffs seek the Court's intervention to limit the Defendant City of Portland from

taking the deposition of A.S., a nine-year-old child who was six at the time she witnessed her

father's death at the hands of Portland Police. A deposition by the City would cause A.S.

substantial harm, and for the reasons outlined below, should not be allowed to proceed.

### II.    Factual Background and Procedural Posture

On July 22, 2022, Defendant Joshua Dyk, an officer with Defendant City of Portland

Police Bureau ("PPB"), shot minor Plaintiff A.S.'s father, Aaron Stanton. On that date, Stanton

was discharging his weapon from his front porch into the air for over an hour, and his neighbors

called the police. Compl. ¶¶ 2, 16, 17.  At no time did Stanton, although visibly intoxicated,

verbally or physically threaten violence against any person, and had not leveled a gun in any

direction. *Id.* at ¶¶ 2, 18, 23. Once officers arrived on scene, they could see Stanton's six-year-

old daughter, A.S., on his front porch with him. *Id.* at ¶¶ 3, 4. Dyk knew that A. S. was present

with Stanton and would likely witness her father's injury and/or death were he to be shot and

killed by City of Portland police. *Id.*  Once on scene, PPB officers, from positions of cover and

concealment, gave Stanton commands to put his hands up, but never attempted to deescalate the

situation. *Id.* at ¶¶ 21-19. Stanton continued to shoot his gun in the air once PPB members were

on scene. *Id.* at ¶¶ 2, 21, 30. A.S. moved to the driveway, northwest of the front porch and

behind her father's car just prior to Dyk shooting her father. ¶¶ 31-32. Within a fraction of a

second following Stanton discharging a semi-automatic pistol into the air from the front porch of

Page 2 – **PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER REGARDING THE DEPOSITION OF MINOR A.S.**

his home, Dyk shot Stanton with an assault rifle from a position of concealment and cover. *Id.* at ¶ 1. Moments later, A.S. ran back to the front porch and knelt beside her father, until a PPB member removed her from the scene. *Id.* ¶ 32-33. PPB took physical custody of A.S., where an officer told A.S. that her father "wanted to die." *Id.* ¶ 54.

A.S. suffered severe emotional distress including but not limited to anxiety and nightmares, and will continue to suffer severe emotional distress, grief, and loss. *Id.* at ¶ 55.

In addition to the estate's claims for excessive force under the Fourth Amendment, battery, and wrongful death, Plaintiff A.S. alleges claims for Intentional Infliction of Emotional Distress based on the PPB officers' comments to her that her father wanted to die and Negligent Infliction of Emotional Distress for witnessing her father's death. *Id.* at ¶¶ 52-60.

Douglas Stanton was appointed as guardian *ad litem* for Plaintiff A.S. for purposes of this litigation. ECF No. 11. The parties have engaged in extensive discovery, including depositions of major witnesses, Stanton's parents and brother, and A.S.'s mother/Stanton's girlfriend. Declaration of J. Ashlee Albies, ¶ 2. A.S. was six at the time of the incident, and is now nine years old. *Id.* at ¶ 3. Defendant City seeks to take the deposition of A.S. by City Attorney Caroline Turco, which Plaintiffs oppose. *Id.* Attorney Turco has no formal or informal training on conducting informed trauma interviews, and no formal or informal training on conducting legal interviews of minors who have suffered extensive trauma. *Id.*

### III.    Legal Argument

Fed. R. Civ. P. 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claims or defense and proportional to the needs of the case." Rule 26(c)(1) authorizes the Court to limit discovery upon motion by a party with "good cause" shown to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." This

can include forbidding the disclosure or discovery of the materials entirely as well as limiting the scope of disclosure or discovery into certain matters. *Id*.

Allowing the City, or any untrained counselor without relevant expertise, to conduct an interview or deposition of A.S. would cause extensive harm to the young child. In order to protect A.S., Plaintiffs seek the court's intervention in the form of a protective order pursuant Fed. R. Civ. P. 26(c)(1) limiting the deposition of A.S.

A.S. is now nine years old. In the aftermath of her father's death, she suffered nightmares and emotionally overwhelming breakdowns when she described seeing her father die. Albies decl. ¶ 4, Ex. 1[1], Vansopheak Phou dep. at p. 58/15-59/4, 72/7-73/7; Ex. 2, Karen Stanton dep. p. 104/9-15. A.S. reported to her mother that she saw his purple lips, and an officer picked her up and told her that he killed himself. Ex. 1, p. 59/12-60/8. Likewise, she reported to her grandmother that she heard the gurgle of her father's dying breaths, that an officer came to pick her up when she was next to him, an officer told her that her father "died of suicide," and that she felt bad because she did not tell the police at the time that Stanton was her father. Ex. 2, p. 100/17-101/8, 103/4-19. She reported to her uncle that when she asked a PPB officer why they shot her father, the officer responded "We did not do this. He did this to himself. He was sad." Ex. 3, Taylor Stanton dep. p. 41/8-42/24. Because of A.S.'s reactions, her mother does not affirmatively raise the issue of how her father died and what happened that night to A.S.  Ex. 1, p. 73 18/-74/1.  Her grandfather and guardian *ad litem* in this case reports A.S. had many emotional outbursts in the aftermath of the incident and still experiences an occasional meltdown. Declaration of Doug Stanton, ¶ 2. While A.S. is an intelligent child and outgoing with

---

[1] All Exhibits are attached to the declaration of J. Ashlee Albies, filed herewith. All exhibits will be referred to by Exhibits number only.

people she trusts and is comfortable with, she does not talk about her emotions very much. *Id.*

She talks about her dad often and the things they used to do together, but does not ever talk about

the incident. *Id.* Moreover, when A.S. feels overwhelmed emotionally, she cries, asks for mom,

and is very emotionally vulnerable. *Id.* Her guardian *ad litem* and family believe she would be

overwhelmed by talking about the circumstances surrounding her father's death, especially to

someone she does not know, and feel very strongly about protecting her from more harm through

this legal process. *Id.* at ¶ 4.

As explained by Dr. Jennifer Harris, a licensed clinical psychologist who regularly

conducts child forensic evaluations, "compelling [A.S.] to participate in a formal deposition

would likely exacerbate her distress and potentially cause significant harm to her well-being."

Ex. 4, p. 1. As Dr. Harris opines, "[r]equiring A. S. to recount such a traumatic event in a legal

setting may not only retraumatize her but could also interfere with her healing process, disrupt

her sense of stability, and lead to serious emotional and psychological repercussions, including

anxiety, depression, and post-traumatic stress disorder (PTSD). Given her young age and

vulnerability, it is in her best interest to be shielded from unnecessary distress whenever

possible." *Id.* at 2.

The City Attorney set to take A.S.'s deposition admittedly has no specialized or general

training in child forensic interviewing techniques, no experience taking depositions of children,

no experience with trauma informed interviewing, and no training in child development, trauma

responses, or how to elicit accurate information from children. Albies decl. ¶ 3.

Plaintiffs strongly oppose the deposition of A.S. and believe it will cause her serious and

substantial harm to subject her to a deposition. Stanton decl. ¶4. Should the Court determine that

Defendant City is entitled to a deposition of A.S., Plaintiffs request the Court issue at the very

Page 5 – **PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER REGARDING THE DEPOSITION OF MINOR A.S.**

least the guidelines articulated by Dr. Harris, and allow questioning of A.S. only by an expert agreed upon by the parties. Ex. 4 at 2-3.

### IV.    Conclusion

Plaintiffs have demonstrated that allowing Defendant City of Portland to conduct a deposition of a nine-year-old child who has suffered the trauma of losing her father, watching him die, and then having a police officer tell her that "he wanted to die," will further exacerbate the harm the City has already caused her. For the reasons argued above, Plaintiffs respectfully seek a protective order limiting the deposition of A.S.

DATED this 6th day of March, 2025.

ALBIES & STARK

 s/ J. Ashlee Albies
J. Ashlee Albies, OSB #051846
Of Attorneys for Plaintiff