Carey Caldwell, OSB #093032
Deputy City Attorney
carey.caldwell@portlandoregon.gov
Caroline Turco, OSB #083813
Senior Deputy City Attorney
caroline.turco@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ESTATE OF AARON D. STANTON, BY DOUGLAS STANTON, PERSONAL REPRESENTATIVE, AND A. S., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, DOUGLAS STANTON,<br><br>PLAINTIFFS,<br><br>v.<br><br>JOSHUA DYK and CITY OF PORTLAND,<br><br>DEFENDANTS. | 3:23-cv-01767-AN<br><br>DEFENDANT CITY OF PORTLAND'S RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER REGARDING THE DEPOSITION OF MINOR A.S.<br><br>ORAL ARGUMENT REQUESTED |

### I.  INTRODUCTION

Plaintiffs' Motion for Protective Order ("Motion") should be denied. For a protective order to be granted, a "party opposing disclosure has the burden of proving 'good cause,' which requires a showing 'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011)(citation omitted). Conclusory statements or allegations of potential harm "do not satisfy

Page  1 – DEFENDANT CITY OF PORTLAND'S RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER REGARDING THE DEPOSITION OF MINOR A.S.

the Rule 26(c) test." *Id.* Here, Plaintiffs make only conclusory statements of potential harm, supported by a person who has not treated A.S. That is not sufficient to prevent the deposition of A.S. and Plaintiffs' Motion should be denied.

## II.     ARGUMENT

Before addressing the merits of Plaintiffs' Motion, it is important to clarify the factual background of this case generally. For instance, despite Plaintiffs' statement otherwise, the City's officers used standard de-escalation techniques in attempt to create as safe an environment as possible around a man who was continually shooting off round after round, alternating from a 9mm handgun to an AR15 semi-automatic rifle and back to the handgun again; while standing outside in the middle of a dense, urban neighborhood; on a Friday evening in July; with his 6 year-old daughter running around him.

Dozens and dozens of rounds were fired from these deadly weapons. Despite Plaintiffs' attempt to paint Mr. Stanton as a peaceful person merely expressing himself, who happened to be inebriated, as his father Douglas Stanton testified: "Something will fall out of the sky. And so somebody could get hurt." (Caldwell Dec., Ex. 1, p.4(70):2-3). Nonetheless, as noted, PPB used de-escalation techniques in order to protect the community as well as Mr. Stanton. Eventually, after the police gave yet another of multiple commands to put his weapon down, he pointed his gun and fired at them.

The root of the present issue is that Plaintiff A.S. brought claims alleging a PPB officer told her "your father wanted to die." (Dkt. 1; Complaint, ¶53). As Plaintiffs note, there have been numerous depositions in this matter. (Dkt. 39; Plt. Mtn., p.3). The only information that supports anything like the allegation in the Complaint comes from conversations A.S. allegedly had many weeks after Mr. Stanton's death. (*See* Dkt. 40-1-3; Albies Dec., Ex. 1 (p.5/10(60):6-8); Ex. 2

Page 2 – DEFENDANT CITY OF PORTLAND'S RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER REGARDING THE DEPOSITION OF MINOR A.S.

(p.5/8(102):4-6); Ex. 3 (p.3/5(41):15-18). Defendant does not dispute the testimony of Mr. Stanton's family. However, understanding children, it is equally possible that A.S. may have absorbed this information from hearing her grieving family talk about why Mr. Stanton was behaving the way he was. Other than that, every officer vehemently denies stating or hearing any such words being shared with A.S.

Importantly, Defendant does not want to ask A.S. about her father's death or about any related emotional response to the same. Almost the entirety of Plaintiffs' Motion relates to perceived trauma she would suffer in reciting the details of her father's death. Defendant does not want those details. Granted, Defendant understands the allegation of a statement by an officer to her at the time is necessarily connected. However, Defendant is primarily interested in A.S.'s identification of the officer and what that officer allegedly said – there is inconsistency in that regard not only amongst Plaintiffs' witnesses but also inconsistencies within their own testimony. Further, none can identify which officer allegedly made the statement to A.S. The City should be allowed to clarify these serious allegations against it.

Plaintiffs have averred that A.S. will not testify at trial and there are no records for any therapy A.S. may have received. Defendant does not believe A.S. can maintain a claim absent any such evidence. *See*, *e.g.*, *United States v. Joe,* 8 F.3d 1488, 1492 (10th Cir.1993)(hearsay allowed to show experienced emotional trauma but factual basis for cause of any such emotional trauma is inadmissible hearsay); *United States v. Lentz*, 282 F.Supp.2d 399, 410–11 (ED Va. 2002) (no exception to hearsay for "statement of memory or belief to prove the fact remembered or believed"), *aff'd*, 58 Fed Appx 961 (4th Cir. 2003). In any case, a limited deposition is not so onerous or traumatic as to warrant prohibition. This is supported by the case cited by Plaintiffs' consulting expert, Dr. Jennifer Harris. (Dkt. 40-4, Albies Dec., Ex. 4, p.3/3).

Page  3 – DEFENDANT CITY OF PORTLAND'S RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER REGARDING THE DEPOSITION OF MINOR A.S.

Dr. Harris asks this Court to follow the guidelines in the Georgia case, *Galbreath v. Braley*, 318 Ga. App. 111 (2012), *disapproved of by Gen. Motors, LLC v. Buchanan*, 313 Ga. 811 (2022). *Galbreath* involved a mother seeking suspension of a father's visitation rights based on allegation that the father had sexually molested a 13-year-old girl in the presence of their son. *Id.* The father sought the deposition of the 13-year-old girl and the girl's parents moved to quash a subpoena for the same. *Id.* at 111. The 13-year-old girl was not a party to the case. *Id.* at 112. The girl had a history of documented early childhood trauma and had received treatment for the same. *Id.* In support of the motion to quash, her treatment provider filed an affidavit attesting to the girl's history, clinical diagnoses, and that the man (father) was a specific trigger for her, causing actual, observed psychological distress and reactivity. *Id.* The trial court granted the parents' motion to quash. The court of appeals reversed holding the trial court abused its discretion in prohibiting the deposition. *Id.*

The court of appeals held that the girl's testimony "is clearly relevant to [father's] efforts to defend against his ex-wife's allegations." *Galbreath*, 318 Ga. App. at 113. It ordered remand to the trial court to allow for the deposition with consideration of some potential restrictions:

> (1) where the deposition is held; (2) the length of the deposition; (3) who shall be present at the deposition (e.g., K.W.'s mother or counselor); (4) the possibility of breaks as necessary to accommodate K.W.'s reasonable needs; (5) the option to suspend the deposition in the event of an emergency; (6) previewing the questions to be asked at the deposition; and (7) the taking of K.W.'s deposition remotely via audio visual means.

*Id.* at 114.

In consideration of those restrictions, the *Galbreath* court cited to the case *Gray v. Howlett Lumber Co.*, No. 051645A, 2007 WL 2705748 (Mass. Super. Aug. 9, 2007). The *Gray* court noted that in review of case law evaluating protective orders under Fed. R. Civ. Pro. 26, a

Page 4 – DEFENDANT CITY OF PORTLAND'S RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER REGARDING THE DEPOSITION OF MINOR A.S.

protective order preventing oral deposition is almost never appropriate and is generally only granted in cases where a party may die. *Id.* at *3. *See also Flanagan v. Wyndham Int'l Inc.*, 231 F.R.D. 98, 102 (D.D.C. 2005)(preventing a deposition "is an extraordinary measure, and is usually inappropriate absent extraordinary circumstances."); *Rolscreen Co. v. Pella Prod. of St. Louis, Inc.*, 145 F.R.D. 92, 96 (S.D.Iowa 1992)("Protective orders which totally prohibit the deposition of an individual are rarely granted absent extraordinary circumstances."); *Motsinger v. Flynt,* 119 F.R.D. 373, 378 (M.D.N.C.1988) (absent "extraordinary circumstances, a court should not prohibit altogether the taking of a deposition."). No such extraordinary circumstances or risks of harm are present here.

Here, Dr. Harris is not A.S.'s treating provider. Dr. Harris has not and cannot offer any evidence of "specific prejudice or harm" that may result from any deposition as she has never treated A.S. – she can only offer conclusory statements or supposition or potential harms, which "do not satisfy the Rule 26(c) test." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d at 424. Further, as there are no treatment records for any therapy A.S. has received, Dr. Harris cannot opine on any history, diagnoses, or potential triggers. *Galbreath*, 318 Ga. App. at 112.

Defendant is aware that the deposition of a minor can present a delicate situation. Senior Deputy City Attorney Caroline Turco has conducted numerous depositions of children and is sensitive to the delicacy of the matter – she also has similarly aged children of her own. In any case, this author could find no case law that required a person taking a deposition of a minor to have any special certifications or training. Nor could this author find any treatises or other materials that suggested or required an attorney have any particular qualifications to take a deposition. That is likely because no such case law exists. In fact, the case law visited by this author speaks against any

such requirement.[1] Had such requirement ever been required by a court, Plaintiffs would likely have cited it. Instead, pursuant to Rule 26(c), the deposition should be allowed.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be denied and Defendant allowed to take the deposition of A.S.

DATED: March 20, 2025.

Respectfully submitted,

*/s/ Carey Caldwell*
Carey Caldwell, OSB #093032
Deputy City Attorney
carey.caldwell@portlandoregon.gov
Caroline Turco, OSB #083813
Senior Deputy City Attorney
caroline.turco@portlandoregon.gov
*Of Attorneys for Defendants*

---

[1] The following unpublished opinions are illustrative of the way in which courts have dealt with this issue. *Arassi v. Weber-Stephen Products LLC*, 2014 WL 1385336, at *2, *3 (E.D. Wis. 2014) (permitting defendant to depose plaintiffs' non-party minor daughters, despite a letter written by the daughters' therapist indicating the potential harm to their mental health if deposed); *Graham v. City of New York*, 2010 WL 3034618, at *5 (E.D.N.Y. 2010) (reversing trial court's protective order prohibiting the deposition of a seven-year-old non-party because the contention that the child would become "unnecessarily upset" if deposed was speculative and defense counsel had assured the court that he would depose the child "cautiously and sensitively"); *Kuyper v. Board of County Commissioners of Weld County*, 2010 WL 4038831, at *2 (D. Colo. 2010) (allowing defendants to depose a seven-year-old plaintiff about alleged sexual abuse that she sustained while in foster care, notwithstanding expert testimony indicating that such questioning could cause substantial harm to the child).

Page  6 – DEFENDANT CITY OF PORTLAND'S RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER REGARDING THE DEPOSITION OF MINOR A.S.