IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ESTATE OF AARON D. STANTON by Douglas Stanton, Personal Representative, and A.S., a minor, by and through her Guardian ad Litem, Douglas Stanton,<br><br>  Plaintiffs,<br>     v.<br><br>JOSHUA DYK and CITY OF PORTLAND,<br><br>  Defendants. | Case No.: 3:23-cv-01767-AN<br><br>OPINION AND ORDER |

Plaintiffs Estate of Aaron D. Stanton and A.S., a minor, brought this action against defendants Joshua Dyk and City of Portland (the "City"), alleging use of excessive deadly force in violation of the Fourth Amendment under 42 U.S.C. § 1983 against both defendants and wrongful death/battery, wrongful death/negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress against the City only.

Plaintiffs move for an order prohibiting the City from taking the deposition of plaintiff A.S. or, in the alternative, imposing certain safeguards to be implemented during the deposition. For the reasons stated herein, the motion is GRANTED in part and DENIED in part.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 26(b)(1) limits the scope of discovery as follows:

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

Discovery is relevant if it is "'reasonably calculated to lead to the discovery of admissible evidence.'" *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quoting *Brown Bag Software*

*v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)), *superseded by statute on other grounds as stated in Punchbowl, Inc. v. AJ Press LLC*, No. 2:21-cv-03010-SVW-MAR, 2024 WL 4005220 (C.D. Cal. Aug. 22, 2024), *appeal dismissed*, 2025 WL 899951 (9th Cir. 2025).  The court has "broad discretion" to determine whether information sought is relevant for discovery purposes.  *Id.*

A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"  Fed. R. Civ. P. 26(c)(1).  A protective order may:

> "(A) forbid[] the disclosure or discovery;
> (B) specify[] terms, including time and place or the allocation of expenses, for the disclosure or discovery;
> (C) prescrib[e] a discovery method other than the one selected by the party seeking discovery;
> (D) forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain matters;
> (E) designat[e] the persons who may be present while the discovery is conducted;
> (F) requir[e] that a deposition be sealed and opened only on court order;
> (G) requir[e] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> (H) requir[e] that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs."

*Id.*  The party seeking a protective order must show "good cause" for the order "by demonstrating [that] harm or prejudice [] will result from the discovery."  *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) (internal quotation marks omitted) (citing *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)).

## BACKGROUND

Plaintiffs allege that on July 22, 2022, Dyk, a police officer with the City, shot and killed Aaron D. Stanton while his then six-year-old daughter, A.S., was present.  Compl., ECF [1], ¶¶ 1-3.  As relevant to this discovery dispute, plaintiffs bring claims for intentional and negligent infliction of emotional distress, alleging that A.S. suffered severe emotional distress, including nightmares, anxiety, and grief, because she was present at the shooting and because an officer at the scene who took her into custody told her that "your father wanted to die." *Id.* ¶¶ 52-60.

Plaintiffs served tort claim notice on defendants on April 4, 2023, and filed the complaint

on November 28, 2023. *Id.* ¶ 34. A.S.'s grandfather, Douglas Stanton, was appointed as her guardian *ad litem*. Order of December 18, 2023, ECF [11]. On February 2, 2024, defendants filed a motion to strike portions of the complaint describing other incidences of Portland Police Bureau officers using deadly force against people in mental health crises. Defs. Mot. to Strike Compl., ECF [12]. The Court denied that motion, finding that the paragraphs at issue were relevant to plaintiffs' claims. Op. & Order of June 17, 2024, ECF [23].

Defendants filed an answer, ECF [26], and the parties began to engage in discovery. On March 6, 2025, plaintiffs moved to prohibit the City from taking the deposition of minor plaintiff A.S. or, in the alternative, for an order imposing safeguards during the deposition. *See* Pls. Mot. for Protective Order, ECF [39].

**DISCUSSION**

The City intends to take the deposition of A.S., who is now nine years old. Decl. of J. Ashlee Albies Supp. Pls. Mot. for Protective Order ("Albies Decl."), ECF [40], ¶ 3. Plaintiffs oppose the deposition, arguing that it will substantially harm A.S. *Id.*; Mot. for Protective Order 2. They state that A.S. continues to suffer serious emotional distress, nightmares, and emotional meltdowns, and will likely be overwhelmed or re-traumatized by questioning. Mot. For Protective Order 4-5; *see* Albies Decl. Exs. 1, 2, 3; Decl. of Douglas Stanton Supp. Pls. Mot. for Protective Order, ECF [41]. Plaintiffs note that the City counsel who would conduct the deposition does not have training in either trauma-informed interviewing nor working with traumatized minors. Mot. for Protective Order 3, 5.

Plaintiffs did not provide the Court with any records of A.S.'s treatment, diagnoses, or a declaration of a treating provider. Plaintiffs did, however, provide a letter from licensed clinical psychologist Jennifer S. Harris. *See* Albies Decl. ¶ 7 & Ex. 4. Harris, who has not examined or treated A.S., explained that A.S. has likely "endured severe emotional and psychological trauma as a direct witness to her father being fatally shot" and that "compelling her to participate in a formal deposition would likely exacerbate her distress and potentially cause significant harm to her well-being." *Id.* at 1. She elaborated that "recount[ing] such a traumatic event in a legal setting" could retraumatize A.S. or "interfere with her

3

healing process, disrupt her sense of stability, and lead to serious emotional and psychological repercussions, including anxiety, depression, and post-traumatic stress disorder[.]" *Id.* at 2. Harris recommended that A.S. not participate in a deposition until she has met with a treatment provider and developed a treatment plan or, if the Court determines that the deposition is necessary, that the Court require certain accommodations consistent with those required in *Galbreath v. Braley*, 318 Ga. App. 111 (2012). *Id.* at 1-3.

The City contends that it is necessary to take the deposition because plaintiffs allege that defendants intentionally and negligently caused A.S. emotional distress in exposing her to the shooting and because an officer told her that her father wanted to die. Def. Resp. Opp'n to Pls. Mot. for Protective Order, ECF [43], at 3-4. The City states that plaintiffs have informed it that A.S. will not testify at trial and have not provided any therapy records. *Id.* at 3. It argues that the deposition is necessary to identify the officer who allegedly spoke to A.S. and learn what, exactly, was said. *Id.* The City states that it does not wish to ask any questions about A.S.'s father's death or her emotional response. *Id.*

Plaintiffs have not shown good cause to entirely forbid the deposition. The deposition is relevant and proportional to the needs of the case. A.S. was present at the shooting and is the only person who can provide firsthand testimony regarding what was said to her by officers at the scene and her emotional response to the events. This is particularly relevant to the intentional and negligent infliction of emotional distress claims brought on A.S.'s behalf. The parties' relative access to relevant information also weighs in favor of permitting the deposition; without A.S.'s trial testimony or records of her treatment, defendant lacks access to information necessary to defend against the claims.

The deposition will undoubtedly be burdensome to A.S., a traumatized child, but the burden does not outweigh the benefit of the deposition to this case. This is especially so because the Court may reduce the burden by issuing a limited protective order specifying the terms, methods, and lines of inquiry permissible at the deposition. Having weighed the parties' suggestions and analysis, the Court orders that the following conditions are to be followed by the parties to avoid undue burden:

1. The deposition shall be limited to two hours, with breaks provided as requested by A.S. or her counsel;

2. A.S.'s mother, guardian, or another trusted support person shall be permitted to attend the deposition, with the understanding that only counsel may object to questioning;

3. The parties shall meet, confer, and agree upon a neutral location for the deposition;

4. The parties shall inform the Court of the date and time of the deposition;

5. The City's questioning shall be limited to A.S.'s recollection of the incident, including any statements by police officers, and her emotional response;

6. Only counsel with training in trauma-informed interviewing or interviewing traumatized children may conduct the deposition.

## CONCLUSION

For the foregoing reasons, plaintiffs' Motion for Protective Order, ECF [39], is GRANTED in part and DENIED in part. Defendant City of Portland may take the deposition of plaintiff A.S. with the safeguards and accommodations described in this order.

IT IS SO ORDERED.

DATED this 10th day of April, 2025.

Adrienne Nelson
United States District Judge