Carey Caldwell, OSB #093032
Senior Deputy City Attorney
carey.caldwell@portlandoregon.gov
Caroline Turco, OSB #083813
Senior Deputy City Attorney
caroline.turco@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **ESTATE OF AARON D. STANTON, by DOUGLAS STANTON, Personal Representative, and A. S., a minor, by and through her Guardian ad Litem, DOUGLAS STANTON,** | Case No.: 3:23-cv-01767-AN |
| **PLAINTIFFS,** | **DEFENDANTS' MOTION PER ECF 78 TO KEEP FILED EXHIBITS UNDER SEAL** |
| v. | |
| **JOSHUA DYK and CITY OF PORTLAND, a municipal corporation,** | |
| **DEFENDANTS.** | |

### <u>CERTIFICATE PURSUANT TO LOCAL RULE 7-1</u>

Counsel for Plaintiffs and Defendants conferred per the Court's September 17, 2025 Order. (ECF 78). The parties did not disagree on the meaning of the existing Protective Order. (ECF 28). Nonetheless, the Parties agreed on certain redactions and otherwise compromised to conventionally file certain sealed Exhibits. Because the Court instructed the Party seeking to maintain exhibits under seal file a motion, Defendants bring the following Motion.

Page  1  –    DEFENDANTS' MOTION TO KEEP FILED EXHIBITS UNDER SEAL

## MOTION

Defendants move to maintain the status quo of the current Stipulated Protective Order entered by this Court on July 29, 2024. No party challenged any component of that signed Order. Consistent with the Order, certain materials filed under seal by Plaintiffs' in Opposition to Defendants' Motion for Summary Judgment should remain under seal.

### I.     The Stipulated Protective Order Controls Filings Under Seal.

Local Rule 26-4 authorizes a court, with proper support, to enter an order that "authorize a party to file materials sealed pursuant to a protective order." (LR 26-4(a)). Once such an order is entered, "[u]sers are required to file the document in the manner and process described in the CM/ECF User Manual available on the Court's website." (LR 26-4(b)). The CM/ECF User Manual instructs filers that:

> Registered Users are required to file documents authorized for filing under seal pursuant to an existing protective order via CM/ECF.
> If a protective order is on the docket in a civil case, during the filing of certain events the user will be asked during if the document should be filed under seal pursuant to the protective order.

(CM/ECF User Manual, Section 11, https://www.ord.uscourts.gov/index.php/filing-and-forms/cm-ecf/user-manual#section-11-restricted-documents (last visited Sept. 22, 2025)).

Here, the parties submitted the United States District Court District of Oregon's Tier 1 Model Order. That Order is drafted by the District Court and consistent with Model Orders across jurisdictions. (*See*, *e.g.*, https://www.cand.uscourts.gov/forms/model-protective-orders ("The protective orders on this page are court-approved model forms.") (last visited September 22, 2025)). After argument, this Court entered the Protective Order on July 29, 2024 (ECF 28). That Protective Order has this Court's mandatory language providing:

> If portions of documents or other materials deemed "Confidential" or any papers containing or making reference to such materials are filed with the Court, they **shall** be filed under seal and marked as follows or in substantially similar form:
>
> CONFIDENTIAL

Page  2  –     DEFENDANTS' MOTION TO KEEP FILED EXHIBITS UNDER SEAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

(ECF 28, ¶4 (emphasis added)).

Unlike in Oregon State Court, where protective order or not, good cause must be shown for filing under seal, in Federal Court, with the entry of a protective order, consistent with the Local Rules and the Fed. R. Civ. Pro 26(c)(1)(h), the terms of that protective order apply and no affirmative motion is required by any party to file materials under seal that are the subject of the protective order.

Instead, in Federal Court, if a party wishes to file materials designated Confidential, the District Court's language mandates:

If a non-designating party is filing a document that another party has designated as "Confidential," then the non-designating party **shall** file the document under seal.

(ECF 28, ¶4 (emphasis added)).

The Order also provides an avenue for a party to conventionally file confidentially designated materials by request to the designating party in writing. (*Id.*). Consistent with that language, the parties worked extensively to avoid the filing of multiple exhibits under seal. Those at issue here, however, were not part of those negotiations. Nonetheless, the parties have compromised, through redaction or otherwise, and agreed to conventional filing of Plaintiffs' Exhibits 1, 17, and 21. (*See* LR 26-4(a) (parties can agree to redact to avoid filing under seal; the parties agreed to redact the identifying information of an officer in Exhibit 1 consistent with the Local Rule)). Defendant City objects to unsealing of Plaintiffs' Exhibits 19 and 21, the confidential internal affairs investigations of certain police events.

## II.     The Case Law Does Not Require a Motion in this Instance.

As a starting point, this case has a significantly different procedural posture than all the cases cited in the Court's September 17, 2025, Order. (ECF 78). Again, here, there is a protective order, using the District Court's language, and signed by the Court in the current litigation.

Page 3 –    DEFENDANTS' MOTION TO KEEP FILED EXHIBITS UNDER SEAL

The case *In re Roman Cath. Archbishop of Portland in Oregon*, is significantly different from the present case. 661 F.3d 417 (9th Cir. 2011). In that case, Portland's Archdiocese, and others, were the subject of multiple civil sexual abuse suits. *Id.* at 421. Due to amount of damages exposure, the Archdiocese filed for bankruptcy. *Id.* The bankruptcy court became the forum for many proceedings related to the parallel civil claims. *Id.* For purposes of discovery in the tort cases, and to assist with mediation on those parallel tort claims, the bankruptcy court entered a protective order. *Id.* at 422. Consistent with that order, the parties filed materials under seal in that action. *Id.* ("These documents were filed under seal pursuant to the court's protective order."). No motion was required by any party to do so because there was an existing protective order.

Later, the tort claimants, in compliance with the protective order, notified the Archdiocese that they wanted to release confidentially designated materials. *Id.* at 422. Only then, after notification by the opposing party, was the onus on the Archdiocese, the designating party, to move the court to prevent the release of those materials. *Id.* Despite moving to keep those materials sealed, the parties reached a compromise and the court's involvement was not required.

Later still, parties not a part of that compromise, moved the court to unseal materials produced in the bankruptcy matter. The Archdiocese and individual priests opposed those motions. Only because a party filed a motion to unseal already sealed materials was the opposing party tasked with articulation of a rationale to keep those materials sealed and the court tasked with any analysis as to balancing of rationales. That is not the procedural posture here.

Here, no party notified, moved, or otherwise attempted to conventionally file the documents at issue. Likewise, there was no duty by Plaintiffs to so notify Defendants or move to file anything under seal as there was an existing Protective Order, like the order in *In re Roman Cath. Archbishop of Portland in Oregon*, which prescribed how to treat confidential materials. Thus, there was no duty for Defendants to one, predict, or two reinforce, the existing protective order. The current protective order controls how confidential materials are treated and specifically

Page 4 –   DEFENDANTS' MOTION TO KEEP FILED EXHIBITS UNDER SEAL

requires, absent some communication between the parties, filing of those materials under seal. (ECF 28, ¶4).

*Hagestad v. Tragesser* is likewise not like the present case. 49 F.3d 1430 (9th Cir. 1995). In *Hagestad*, the plaintiff filed a civil suit alleging the lawyer defendant sexually abused her for seven years when she was a minor. *Id.* at 1431. Two years later, she filed a bar complaint with the Oregon state bar. *Id.* A few months later, the parties settled the civil suit and the suit was dismissed. *Id.* As part of the settlement, the plaintiff agreed to not disclose any materials to the State Bar or otherwise assist with its investigation. *Id.* at 1433. The court did not seal the record on dismissal of the action. *Id.* at 1431.

Later, pursuant to its investigation of the bar complaint, the State Bar subpoenaed all court materials from the plaintiff and sought her deposition. *Id.* at 1432. The defendant then moved to seal the records. The State Bar moved to intervene and compel production. *Id.* The court granted the motion to seal, the Bar's motion to intervene, and denied the Bar's motion to compel with little explanation other than it believed the defendant's privacy interest outweighed the Bar's public interest. *Id.* Because the district court failed to sufficiently articulate the reason it granted the motion to seal and denied the motion to compel, the 9th Circuit remanded the case to the district court to make specific findings in support of its order. That is unlike this case.

Here, there is no motion by any party. This Court already entered a protective order that instructs a party what materials are to be filed under seal and how to do so. No party objected or otherwise made issue with that Order. Thus, the filings should remain under seal. Nonetheless, there is good cause to keep the materials under seal.

### III.     There is Good Cause to Keep the Exhibits Under Seal.

The exhibits at issue are protected materials from internal investigations related to officer uses of force.

*/ / /*

Page 5 –     DEFENDANTS' MOTION TO KEEP FILED EXHIBITS UNDER SEAL

The Oregon Legislature has expressed a public policy that any information regarding a personnel investigation of a public safety officer generally is exempt from public disclosure: ORS 192.345(12) exempts a public body from disclosing "personnel discipline action, or materials or documents supporting that action." ORS 181A.674(3) prohibits a public body from disclosing "information about a personnel investigation of a public safety employee of the public body if the investigation does not result in discipline of the employee."

Such confidentiality interests include protecting employees from public ridicule; allowing public bodies to effectively review the actions of their police officers to provide discipline, evaluations, and training; maintaining efficient investigative procedures, including the ability to compel statements from employees and meet investigative timelines; encouraging witness candor; and protecting witnesses against retaliation.

ORS 192.345(12) and 181A.674(3) set forth clear statutory privacy protections for both disciplinary and non-disciplinary files, including any underlying investigations, of police officers. Further, these exemptions are codified into an evidentiary privilege in ORS 40.270 (OEC 509), which provides "A public officer shall not be examined as to public records determined to be exempt from disclosure under ORS 192.338, 192.345 and 192.355." The purpose behind the public officer privilege is to prevent the use of subpoenas or depositions to get around the public records protections. The Public Officer Privilege "protects against compelled disclosure in the courtroom of information which is exempt from disclosure in an administrative setting." 1981 Conference Committee Commentary to ORS 40.270, ORE 509, Public Officer Privilege. The commentary specifically notes the purpose of the privilege is to provide protections from compelled disclosure in a courtroom setting. *See* 1981 Conference Committee Commentary to ORS 40.270 ORE 509 – Public Officer Privilege.

The legislature specifically recognized a privacy interest and codified that protection in law. While for the purposes of this litigation those materials were produced, they were produced

Page 6 –    DEFENDANTS' MOTION TO KEEP FILED EXHIBITS UNDER SEAL

only because there was an existing protective order which prevents their public disclosure. Consistent with that, Exhibits 19 and 21 should remain under seal.

## CONCLUSION

Based on the foregoing, including LR 26-4, Fed. R. Civ. Pro. 26(c), and the existing Protective Order, Defendants request the Court keep Exhibits 19 and 21 under seal.

Dated:  September 22, 2025

Respectfully submitted,

/s/ Carey Caldwell
Carey Caldwell, OSB #093032
Senior Deputy City Attorney
carey.caldwell@portlandoregon.gov
Caroline Turco, OSB #083813
Senior Deputy City Attorney
caroline.turco@portlandoregon.gov
Of Attorneys for Defendants

Page  7  –     DEFENDANTS' MOTION TO KEEP FILED EXHIBITS UNDER SEAL