Carey Caldwell, OSB #093032
Deputy City Attorney
carey.caldwell@portlandoregon.gov
Caroline Turco, OSB #083813
Senior Deputy City Attorney
caroline.turco@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| ESTATE OF AARON D. STANTON, by DOUGLAS STANTON, Personal Representative, and A. S., a minor, by and through her Guardian ad Litem, DOUGLAS STANTON, | Case No.: 3:23-cv-01767-AN |
| **PLAINTIFFS,** | **DEFENDANTS' MOTION TO STAY FURTHER PROCEEDINGS** |
| v. | |
| JOSHUA DYK and CITY OF PORTLAND, a municipal corporation, | |
| **DEFENDANTS.** | |

## LR 7-1(a) CERTIFICATION

Counsel for defendants City of Portland and Officer Johsua Dyk conferred with

Plaintiffs' counsel and Plaintiffs' counsel opposes this Motion for Stay.

## MOTION

Defendants move this Court for a stay of all further proceedings in this action pending

resolution of Officer Dyk's interlocutory appeal to the Ninth Circuit Court of Appeals from this

Court's Order denying his motion for summary judgment based on qualified immunity. (ECF 99).

Page  1  –    DEFENDANTS' MOTION TO STAY FURTHER PROCEEDINGS

**DISCUSSION**

Plaintiffs filed their Complaint on November 28, 2023, alleging six claims:

1) A § 1983 Excessive Force claim against Joshua Dyk;

2) A related *Monell* claim against the City of Portland;

3) A Wrongful Death/Battery claim against the City of Portland based on the alleged excessive force used by Officer Dyk;

4) A Negligence claim against the City of Portland;

5) An Intentional Infliction of Emotional Distress claim against the City of Portland; and

6) A Negligent Infliction of Emotional Distress claim against the City of Portland.

(ECF 1).

Defendants moved for summary judgment against all of Plaintiffs' claims on August 15, 2025. (ECF 59). On June 2, 2026, this Court granted in part and denied in part Defendants' Motion. (ECF 99). Relevant to Officer Dyk's appeal, this Court denied his Motion based on Qualified Immunity. (*Id.* at p.14).

In denying Officer Dyk's Motion for Qualified Immunity, this Court evaluated, 1) whether there was a constitutional violation and 2) whether any constitutional right was clearly established at the time of Officer Dyk's alleged misconduct. (ECF 99). As to the first prong of qualified immunity, this Court determined that there was a question of fact as to whether Mr. Stanton pointed his gun at officers and therefore "defendants cannot establish as a matter of law that there was no violation of the Fourth Amendment." (*Id.* at p.9). As to the second prong, this Court held that there was sufficient case law to put Officer Dyk on notice "that his specific actions, as alleged, would violate Mr. Stanton's rights." (*Id.* at p.13). Officer Dyk respectfully disagrees with the Court's conclusions in those regards and therefore brings his interlocutory appeal. (ECF 100). In the Ninth Circuit, an interlocutory appeal of the denial of qualified immunity ordinarily divests the district court of jurisdiction to proceed with trial on the federal claims. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992).

Page  2  –    DEFENDANTS' MOTION TO STAY FURTHER PROCEEDINGS

Other than the constitutional Excessive Force claim, the Estate's remaining claim is for Battery against the City of Portland. A.S. also has a surviving Intentional Infliction of Emotional Distress claim. The factual questions underlying the Fourth Amendment Excessive Force claim against Officer Dyk and the state-law Battery claim against the City are closely related (perhaps even identical). And while A.S.'s surviving IIED claim is distinguishable, it is derivative of the actions in the underlying constitutional and Battery claims.

In addition, the supplemental jurisdiction of the Court for the Battery and IIED claims is based on federal-question jurisdiction over the constitutional claim. The Court of course controls its docket and may choose to retain the state claims. *Confederated Tribes & Bands of Yakama Nation v. Airgas USA, LLC*, 435 F. Supp. 3d 1103, 1127 (D. Or. 2019) (so stating in regard to control of docket in the context of granting a stay) (citation omitted). However, the Court may equally decide to remand the state-law claims depending on the outcome of any appeal.

Either way, should the case move forward with the state-law claims, and should Officer Dyk's appeal ultimately be unsuccessful, the underlying elements of the battery portion of the case would necessarily be tried twice. This represents a burden on the parties, the witnesses, attorneys, and the Court. In contrast, should the appeal be successful, the Ninth Circuit's opinion could potentially limit the matters at issue to the IIED claim, obviating the need for half of the parties, most witnesses, the time of the Court, and time required for any jury.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page  3  –    DEFENDANTS' MOTION TO STAY FURTHER PROCEEDINGS

## CONCLUSION

Based on the foregoing, Defendants respectfully request the Court stay all further proceedings in this action pending resolution of Officer Dyk's interlocutory appeal to the Ninth Circuit Court of Appeals.

Dated: June 11, 2026

/s/ Carey Caldwell
Carey Caldwell, OSB #093032
Deputy City Attorney
carey.caldwell@portlandoregon.gov
Caroline Turco, OSB #083813
Senior Deputy City Attorney
caroline.turco@portlandoregon.gov
*Of Attorneys for Defendants*

Page 4 –    DEFENDANTS' MOTION TO STAY FURTHER PROCEEDINGS