**J. Ashlee Albies**, OSB #051846
**Maya Rinta,** OSB #195058
Albies & Stark
1500 SW First Ave., Suite 1000
Portland, Oregon 97201
Telephone: (503) 308-4770
Email: ashlee@albiesstark.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ESTATE OF AARON D. STANTON, by DOUGLAS STANTON, Personal Representative, and A. S., a minor, by and through her Guardian ad Litem, DOUGLAS STANTON, | | Case No. 3:23-cv-01767-AN |
| Plaintiffs, | | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY FURTHER PROCEEDINGS PENDING INTERLOCUTORY APPEAL** |
| v. | | |
| JOSHUA DYK and CITY OF PORTLAND, a municipal corporation, | | ORAL ARGUMENT REQUESTED |
| Defendants. | | |

**INTRODUCTION**

Defendants move to stay all further proceedings in this action pending Defendants' interlocutory appeal to the Ninth Circuit Court of Appeals on the issue of Qualified Immunity for Defendant Officer Dyk on Plaintiffs' 42 USC § 1983 claim. Because, as Defendants note, the appeal divests this court of jurisdiction for this federal claim only, Plaintiffs' remaining claims

Page 1 – **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY FURTHER PROCEEDINGS PENDING INTERLOCUTORY APPEAL**

for wrongful death and Intentional Infliction of Emotional Distress remain within this Court's jurisdiction, and these clams should continue to trial.

## ARGUMENT

This case was filed November 28, 2023. ECF 1. Trial is currently set for November 2, 2026. ECF 98. The parties have diligently litigated this case for the past three years, have a set trial date, and this trial should not be delayed.

While the wrongful death claim, based on battery, has the similar underlying facts as the 1983 claim, the fundamental questions for the jury are quite different: the jury will be asked to determine whether the City, through the conduct of Portland Police Bureau officers, acted intending to cause harmful or offensive contact with Aaron Stanton, and whether Portland Police officers' actions directly or indirectly caused a harmful or offensive contact with Mr. Stanton. *See* Oregon Uniform Civil Jury Instruction (UCJI) 40.02. For the 1983 claim currently on appeal, the jury will be asked specifically about Officer Dyk's conduct in particular and whether he violated Mr. Stanton's Fourth Amendment rights to be free from excessive force, specifically whether Officer Dyk's lethal force was objectively reasonable under all of the circumstances, and Officer's Dyk's subjective intent or motive is not relevant to that query. *See* Ninth Circuit Model Jury Instructions 9.27. The wrongful death – battery – claim, can and should proceed.

Likewise, Defendants mischaracterize A.S.'s IIED claim as derivative of the wrongful death and 1983 claims. But the conduct that led to the IIED, Portland officers making comments to A.S. that her father wanted to die and that he did this to himself, occurred despite no evidence that these statements were true, and are unrelated to the issue of qualified immunity on appeal. Defendants argue that the Ninth Circuit opinion could potentially limit the matters at issue to the IIED claim, but it is entirely unclear how.

Page 2 – **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY FURTHER PROCEEDINGS PENDING INTERLOCUTORY APPEAL**

Because the legal questions involved in the state law claims are separate and distinct from the issue of qualified immunity up on appeal, because this case has been pending for three years, and because the appeal adds the potential for a years-long delay, judicial efficiency favors this case proceeding to trial in November, 2026 as scheduled. Defendants' motion should be denied.

DATED:  June 25, 2026.

Respectfully submitted,

 s/ J. Ashlee Albies
J. Ashlee Albies, OSB No. 051846
Maya Rinta, OSB #195058
Albies & Stark
*Of Attorneys for Plaintiffs*

Page 3 – **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY FURTHER PROCEEDINGS PENDING INTERLOCUTORY APPEAL**