Carey Caldwell, OSB #093032
Deputy City Attorney
carey.caldwell@portlandoregon.gov
Caroline Turco, OSB #083813
Senior Deputy City Attorney
caroline.turco@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| ESTATE OF AARON D. STANTON, by DOUGLAS STANTON, Personal Representative, and A. S., a minor, by and through her Guardian ad Litem, DOUGLAS STANTON, | Case No.: 3:23-cv-01767-AN |
| PLAINTIFFS, | DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY FURTHER PROCEEDINGS |
| v. | |
| JOSHUA DYK and CITY OF PORTLAND, a municipal corporation, | |
| DEFENDANTS. | |

## REPLY

Plaintiff's Response to Defendants' Motion seems to ignore the fact that the Estate's battery claim and excessive force claims are both based on the same singular act of Officer Dyk shooting Mr. Stanton. Plaintiffs' excessive force claim alleges:

> Defendant Dyk violated Stanton's Fourth Amendment rights by intentionally shooting Aaron without an objectively reasonable belief that Aaron presented an immediate threat of serious bodily harm to defendant Dyk or any other person.

Page  1  –    DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY FURTHER
              PROCEEDINGS

(ECF 1, ¶42). Likewise, Plaintiffs' batter claim alleges:

> Defendant Joshua Dyk, while acting within the course and scope of his employment for defendant City of Portland, intentionally engaged in harmful or offensive contact with Aaron Stanton, by shooting him.

(ECF 1, ¶47). The two claims are based on the identical action of Officer Dyk shooting Mr. Stanton. For both claims, a jury will be required to determine whether Officer Dyk's action was reasonable.

For instance, in a federal police excessive force claim, the plaintiff bears the burden of proving the force used was unreasonable. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("Because [plaintiff] failed to meet her burden of proof of providing specific facts to show that the force used was unreasonable . . ., the district court did not err in granting summary judgment to the [defendants] on [plaintiff's] claim of unreasonable force.").

Likewise, in the state law battery claim, Defendant will argue the force used was reasonable and justified pursuant to Oregon statute. *See* ORS 161.209 (justified to use force to defend third person); ORS 161.219 (justified if reasonable belief of imminent threat of physical or deadly force); *State v. Oliphant*, 347 Or. 175, 191 (2009). Similarly, ORS 161.242 provides a defense to Plaintiff's claims provided the force used was "objectively reasonable under the totality of the circumstances."

In short, a jury would be required to evaluate both claims in essentially identical manner. Therefore, should the case proceed on the state law battery claim, and should Officer Dyk be unsuccessful on appeal, a second trial, evaluating the exact same facts, circumstances, and law as in the battery claim will be required to decide the excessive force claim.

Alternatively, should Officer Dyk be successful in his appeal, at least as to the reasonableness of the force used, that would be dispositive on Defendants' defense to the excessive force claim. It would obviate the need for a trial on either of those claims.

/ / /

Page 2 –    DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY FURTHER
             PROCEEDINGS

Either way, a stay will preserve judicial resources, the parties' time, witness' time, and the requirement for multiple jury pools.

The other claim at issue, A.S.'s IIED claim, necessarily derives from Mr. Stanton's shooting: absent his shooting there is no context for the IIED claim. While distinguishable, the IIED claim would benefit from being tried in the same suit as the excessive force and battery claims, as it relates to the shooting, and thus the excessive force and battery claims. Simply put, it would contribute to efficiency of witness, party, Court, and jury time.

Once more, the supplemental jurisdiction of the Court for the Battery and IIED claims is based on federal-question jurisdiction over the constitutional claim. The Court of course controls its docket and may choose to retain the state claims. *Confederated Tribes & Bands of Yakama Nation v. Airgas USA, LLC*, 435 F. Supp. 3d 1103, 1127 (D. Or. 2019) (so stating in regard to control of docket in the context of granting a stay) (citation omitted). The Court may equally decide to remand the state-law claims, or claim, depending on the outcome of the appeal.

Either way, should the case move forward with the state-law claims, and should Officer Dyk's appeal ultimately be unsuccessful, the underlying elements of the battery portion of the case would necessarily be tried twice. Again, that represents a burden on the parties, the witnesses, attorneys, and the Court. In contrast, should the appeal be successful, as illustrated above, the Ninth Circuit's opinion could limit the matters at issue to the IIED claim, obviating the need for half of the parties, most witnesses, the time of the Court, and time required for any jury.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page  3  –    DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY FURTHER PROCEEDINGS

**CONCLUSION**

Based on the foregoing, Defendants respectfully request the Court stay all further proceedings in this action pending resolution of Officer Dyk's interlocutory appeal to the Ninth Circuit Court of Appeals.

Dated: July 1, 2026

/s/ Carey Caldwell
Carey Caldwell, OSB #093032
Deputy City Attorney
carey.caldwell@portlandoregon.gov
Caroline Turco, OSB #083813
Senior Deputy City Attorney
caroline.turco@portlandoregon.gov
Of Attorneys for Defendants

Page  4  –     DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY FURTHER
              PROCEEDINGS